**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IZEL KELLY, | : | |
| | : | Civil Action No. 03-2536 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

　　IZEL KELLY, Petitioner pro se
　　# 259756  SBI #981056A
　　New Jersey State Prison
　　P.O. Box 861
　　Trenton, New Jersey  08625

　　LINDA K. DANIELSON, ESQ.
　　Office of the New Jersey Attorney General
　　Division of Criminal Justice
　　Appellate Bureau
　　P.O. Box 086
　　Trenton, New Jersey 08625
　　Counsel for Respondents

**CHESLER**, District Judge

　　This matter comes before the Court upon pro se Petitioner, Izel Kelly's ("Kelly") motion for reconsideration of this Court's October 31, 2005 Opinion and Order denying Kelly's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Kelly timely submitted this motion for reconsideration on or about November 4,

2005.[1]  The respondents filed an opposition to Kelly's motion on December 2, 2005.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion for reconsideration is denied.

## I. BACKGROUND

In May 2003, Kelly filed a § 2254 petition challenging his 1994 state court conviction for felony murder and first degree robbery.  In his petition, Kelly raised the following claims for habeas relief: (1) that he was denied a fair trial due to the judge's refusal to question potential jurors on racial prejudice; (2) that he was denied effective assistance of counsel due to multiple errors by trial counsel; (3) that he was denied effective assistance of appellate counsel; and (4) the trial court denied petitioner a required specific jury instruction on identification.  In an Opinion and Order issued on October 31,

---

[1] Kelly's motion is dated November 4, 2005, but the motion was not received by the Court until November 21, 2005.  However, giving Kelly the benefit of all inferences related to the date he filed his motion, the Court finds that Kelly "filed" his motion on the date he handed it to prison officials to be mailed to the Court for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134  F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Since the Court does not know the actual date that Kelly handed his motion papers to prison officials for mailing, the Court will use the date petitioner signed and dated his motion, November 4, 2005.

2005, this Court denied habeas relief on all grounds as asserted by petitioner.

In his motion for reconsideration, Kelly argues that this Court committed manifest error in finding that petitioner had failed to prove that trial counsel was ineffective under the federal standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Kelly contends that this Court's decision was contrary to the evidence he presented in his petition and as set forth in the state court record.

In particular, Kelly reiterates his argument that his trial counsel was ineffective in not having Dr. Good, a medical examiner, testify at trial.  Respondents note that Kelly is simply re-arguing the same facts already presented to this Court in the habeas petition.

Next, Kelly asserts that this Court erred in denying habeas relief on the ground that Kelly did not receive a fair trial because the State prosecutor violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Again, respondents counter that petitioner is reiterating his arguments already presented to this Court for habeas review.

## II.  <u>ANALYSIS</u>

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v.</u>

Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88

4

F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v.

5

Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Kelly does not show that this Court "overlooked" any of the above listed points. Instead, Kelly is merely rearguing two claims already presented on habeas review. An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. Eichorn v. AT&T Corp., No.Civ.A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id.

This Court did not overlook any of petitioner's claims. To the contrary, this Court carefully reviewed and considered each

6

and every argument presented by petitioner.  Indeed, Kelly's claims in his motion for reconsideration, with respect to the failure to call Dr. Good, and the alleged non-disclosure of Dr. Good's report in violation of Brady v. Maryland, argue the very same facts that were raised and considered in the habeas petition denied by this Court.  This Court rendered a decision on both issues, rejecting the arguments raised by Kelly in his petition based on this Court's review of the record and the state court rulings pursuant to 28 U.S.C. § 2254(d).

Thus, Kelly has not satisfied the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Rather, Kelly merely recasts the arguments previously raised before this Court, which this Court reviewed, and states that this Court's decision was unfairly or wrongly adjudicated.  In other words, he simply disagrees with this Court's decision in denying habeas relief.  Kelly's recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He has not yet filed an appeal from this Court's October 31, 2005 decision.  Therefore, Kelly may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## III. **CONCLUSION**

For the reasons expressed above, Kelly's motion for reconsideration will be denied.  An appropriate Order follows.

```
                                    _____ s/_____
                                       STANLEY R. CHESLER
                                    United States District Judge
Dated: January 27, 2006
```